### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **BODUM USA, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. 16 C 981 |
| | ) |
| **WILLIAMS-SONOMA, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Williams-Sonoma, Inc.'s (WSI) motion to transfer. For the reasons stated below, the motion to transfer is granted.

### BACKGROUND

Plaintiff Bodum USA, Inc. (Bodum) alleges that it is engaged in the distribution and sales of housewares products in the United States. Bodum contends that for many years it supplied WSI with products such as French press coffee makers. In 2013, WSI allegedly stopped ordering certain products from Bodum such as the French press coffee maker. Bodum contends that WSI thereafter, without authorization, used Bodum's mark through WSI's online search results that were viewed on WSI's website. Bodum includes in its complaint a trademark

1

infringement claim brought under the Lanham Act, 15 U.S.C. § 1051 *et seq.* (Count I), an unfair competition claim brought under the Lanham Act (Count II), a state law unfair competition claim (Count III), and a deceptive trade practices claim brought under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 501/1 *et seq.* (Count IV). WSI now moves to transfer the instant action to the Northern District of California.

## LEGAL STANDARD

A district court may transfer an action to another district where the action might have been brought pursuant to 28 U.S.C. § 1404(a) (Section 1404(a)) "[f]or the convenience of parties and witnesses," and if it is "in the interest of justice . . . ." 28 U.S.C. § 1404(a). In order to transfer a case, the transferor court must first find that: (1) venue is proper in the transferor district, *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)(stating that a court "in which a suit is filed with proper venue" may transfer an action pursuant to § 1404(a)), and (2) venue is proper in the transferee district. *See* 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought").

## DISCUSSION

WSI moves to transfer the instant action to the Northern District of California. The parties have not disputed that the Northern District of Illinois and the Northern District of California are both technically proper alternative venues. (Trans. 3-4);

(Resp. 5).

I.  Bodum's Choice of Forum

Bodum argues that its choice of forum is entitled to deference.  (Resp. 5-6).  In considering whether to transfer an action, the court should "give some weight to the plaintiff's choice of forum."  *Federal Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir. 1979); *see also In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)(stating that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed'")(quoting in part *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).  This court has accorded deference to Bodum's choice of the instant forum, but Bodum's choice is not by itself a controlling factor.  This factor is also accorded less weight when there are no discernable connections to this forum other than to render the proceeding more convenient to Bodum's attorneys who are located in Illinois.  WSI has shown that Bodum's attorneys work at a national law firm with offices in California, which would lessen any inconvenience to such attorneys.  The record reflects that none of the parties have their principal place of business in Illinois.  Although Bodum continues to assert as it does in its complaint that a "substantial amount of the alleged infringement took place" in this district, (Resp. 2), Bodum has failed to allege facts or point to evidence to support such facts.  Bodum has not presented any evidence or even an affidavit to support its conclusory boilerplate assertion.  Bodum offers nothing more than idle speculation that the

alleged infringing activities may have touched Illinois residents. Bodum alleges in its complaint that WSI has retail stores in the Chicagoland area. (Compl. Par. 3). However, Bodum makes clear in its complaint that the alleged infringing conduct occurred in relation to WSI's online sales, not its in-store sales. It appears that the sole basis for Bodum's position is that people in the Chicagoland area are able to access the internet. Bodum has not identified any specific alleged misconduct that occurred in Illinois that forms a basis for the claims in this case. Thus, the limited connection to Illinois in this case warrants a lesser consideration of Bodum's choice of forum.

### II. Convenience of Parties and Witnesses

Bodum argues that the convenience of the parties and witnesses would be best served by a transfer of the instant action to the Northern District of California. WSI has shown that a significant portion of the alleged conduct that formed the basis of the claims occurred in California. WSI has also shown that the business operations and decisionmaking behind the alleged conduct occurred in California. Although Bodum disputes that the convenience of the witnesses would be promoted by a transfer, Bodum fails to identify one potential witness who is located in Illinois. (Resp. 10-13). Bodum also acknowledges that there are relevant witnesses in California and indicates a willingness to depose such witnesses in California. (Resp. 11). It would clearly be more convenient for the witnesses and parties to proceed in California. Records needed in this case could also more readily be accessed in

California.

III.  Interest of Justice

WSI contends that the interest of justice would be promoted by a transfer to the Northen District of California.  In addressing the interest of justice factor, a court may consider: (1) whether a transfer promotes the "efficient administration of the court system," (2) whether the action could be consolidated with other actions in the transferee district, (3) whether the judges in the transferee district are more familiar with the pertinent state law, (4) whether jurors in a particular district have a "financial interest in [the] case," and (5) which district would have jurors that could "best apply community standards."  *Coffey*, 796 F.2d at 220-21, 221 n.4.  The court should also consider whether the transferee district has a lighter docket than the transferor district.  *In re National Presto Indus., Inc.*, 347 F.3d at 664.  In addressing the interest of justice factor, the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts."  *Coffey*, 796 F.2d at 221.  The interest of justice factor does not involve a consideration of the merits of the plaintiff's claim.  *Id.*

The record reflects that proceeding in California where the witnesses and records are more readily available would promote the efficient administration of justice.  There has been no showing that the California federal court cannot address the pendent state law claims as well as the federal claims.   Proceeding in this venue simply out of concern for the convenience of Bodum's attorneys, whose law firm has

offices in California as well as Illinois, would not promote the interest of justice. Thus, the interest of justice factor clearly favors a transfer. Therefore, based on the above, the Northen District of California is clearly a more convenient forum and the motion to transfer is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to transfer the instant action to the United States District Court for the Northern District of California is granted.

                                           _____
                                           Samuel Der-Yeghiayan
                                           United States District Court Judge

Dated: June 3, 2016